Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada Bar No. 13484
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545
jburden@backuslaw.com
jfranco@backuslaw.com
Attorneys for Defendant,
*The Vons Companies, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA VIOLET BARBER, individually | 2:22-cv-00736- RFB-DJA |
| Plaintiff, vs. | **STIPULATION AND ORDER FOR CONFIDENTIALITY AND PROTECTION** |
| THE VONS COMPANIES, INC., individually; DOES I-X; and ROE CORPORATIONS I-X, inclusive, | **As amended on page 6.** |
| Defendants. | |

With regard to materials disclosed in the course of the above-captioned lawsuit ("Lawsuit"), which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the parties stipulate that the following terms and conditions shall govern:

1. This Order is meant to encompass all forms of disclosures which may contain Confidential Material, including but not necessarily limited to any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript and all other tangible items (electronic media, photographs videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such material

"Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, law clerks, outside copying services and data processing companies or individuals engaged by a party or its counsel to assist in this litigation), expert witnesses or consultants retained by the parties or their respective counsel and their personnel as necessary, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action, this Court and its personnel, any other tribunal of competent jurisdiction and its personnel, the jury empaneled for this matter, witnesses, deponents, other individuals present during depositions and/or trial in this matter, any mediator or arbitrator selected by the parties to mediate or arbitrate this action and their respective personnel, representatives of the parties, and other individuals agreed to, in writing, by the parties or ordered by this Court. This designation must be made in good faith as this agreement is not intended to be a blanket order of confidentiality. Any material designated as confidential pursuant to paragraph 2 above shall be used only in connection with the Lawsuit.

4.  Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Prior to disclosure of Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A") consenting to be bound by the terms of this Order. Persons authorized to examine the Confidential Material include the parties, counsel for the respective parties, members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, law clerks, outside copying services and data processing companies or individuals engaged by a party or its counsel to assist in this litigation), expert witnesses or consultants retained by the parties or their respective counsel and their personnel as necessary, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action, this Court and its personnel, any other tribunal of

1  competent jurisdiction and its personnel, the jury empaneled for this matter, witnesses, deponents,
2  other individuals present during depositions and/or trial in this matter, any mediator or arbitrator
3  selected by the parties to mediate or arbitrate this action and their respective personnel,
4  representatives of the parties, and other individuals agreed to, in writing, by the parties or ordered
5  by this Court who shall agree that the contents of the Confidential Material shall not be disclosed
6  to any other person or entity and said documents shall not be photocopied or reproduced by any
7  means, except for use in association with this Lawsuit. Both consulting and testifying experts
8  may review the documents in accordance with the terms of this Order.

9      5.    Upon dissemination of any Confidential Material, each non-designation counsel of
10  record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given
11  Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as
12  by "Bates stamp" number). Such record shall be made available to the designating party upon
13  request.

14      6.    If additional persons or entities become parties to this Lawsuit, they shall not have
15  access to any Confidential Material until they execute and file with the Court their written
16  agreement to be bound by the terms of this Order.

17      7.    In the event that any question is asked at a deposition that calls for the disclosure
18  of or testimony regarding Confidential Material, the witness shall answer such question (unless
19  otherwise instructed not to do so on grounds of privilege) provided that the only persons in
20  attendance at the deposition are persons who are qualified to receive such information pursuant to
21  this Order. Specific deposition testimony and/or the deposition transcript in its entirety may be
22  designated as confidential on the record at the time of the deposition or the deposition transcript
23  may be designated as confidential subsequently thereto. All such deposition testimony and/or
24  transcripts shall be treated as "Confidential" pursuant to paragraph 2 above. The parties shall
25  make arrangements with the court reporter not to disclose any such Confidential Material except
26  in accordance with the terms of this Order.

27      8.    If a deponent refuses to execute a Confidentiality Agreement, disclosure of
28  Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under

BACKUS, CARRANZA & BURDEN
3050 SOUTH DURANGO
LAS VEGAS, NEVADA 89117
TELE: (702) 872-5555   FAX: (702) 872-5545

such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. The parties shall separately confer regarding the use of Confidential Material at trial and at any hearing, and to the extent an agreement cannot be reached, the Court shall intervene. A party seeking to file a confidential document, with any appropriate redactions, under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006 and *Pintos v. Pacific Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010)). Documents must be filed under seal using the Court's electronic filing procedures. *See* Local Rule IA 10-5. Papers filed with the Court under seal must be accompanied with a concurrently filed motion for leave to file those documents under seal. *See* Local Rule IA 10-5(a).

10. The parties understand that the Court will maintain the Confidential Material it receives pursuant to paragraph 9 above under seal in accordance with the local and governing laws and rules.

11. If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested within thirty (30) calendar days from the date of its production. The parties shall meet and confer to attempt to resolve the issue. If the dispute is not resolved after such good faith efforts, the designating party shall submit the matter to the Court for determination within thirty (30) days of the meet and confer. Pending receipt of the Court's determination as to whether the moving party has met its burden of proof in designating the materials at issue as confidential, said materials shall continue to be treated as confidential in accordance with the provisions of this Order and not declassified until required by the Court upon final operative written order, or as agreed in writing by the party who designated the information as confidential.

12. The unauthorized or inadvertent disclosure of attorney client or other confidential materials, or the inadvertent failure to designate any material "Confidential," shall not constitute waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of

confidentiality is asserted within a reasonable period of time after discovery of the error. At such time, the designating party shall retroactively designate the material "Confidential" in accordance with this Order. Upon retroactive designation of material as "Confidential," counsel (i) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this order, and (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such retroactive designation under this Order. Any party who made an unauthorized or inadvertent disclosure of confidential materials shall take reasonable steps to notify all persons known to have possession of such materials and arrange for their prompt return and/or destruction consistent with this Order.

13. This Order shall be without prejudice to the right of any party to challenge the propriety of discovery and/or production of materials on any grounds including, but not limited to, relevance, privilege, and materiality.

14. This Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this Lawsuit any of the documents subject to this Confidentiality Agreement and nothing contained herein shall be construed as a waiver of any objection to its admissibility into evidence.

15. None of the restrictions set forth in this Confidentiality Agreement shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulation and Order for Confidentiality and Protection.

16. The parties or counsel for the respective parties may modify the terms of this of this Stipulation and Order for Confidentiality and Protection. However, no modification by the parties shall have the force or effect of a court order unless the Court approves the modification. Alternatively, any party or counsel for the respective party may seek an order of this Court to modify the terms of this Stipulation and Order for Confidentiality and Protection. Any motion seeking such modification must be served upon all counsel of record and filed in accordance with this Court's filing procedures.

17. When any counsel of record in this Lawsuit or any attorney who has executed the Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting

5

good cause to believe that a violation of this Order may have occurred, such attorney shall report the violation of this Order to ~~the Court and~~ all counsel of record and may file the appropriate motion with the Court.

18. Within thirty (30) days after the termination of this Lawsuit by settlement, verdict, judgment, nonsuit, dismissal or otherwise, all Confidential Material shall be returned to counsel for the designating party or destroyed except as to records regularly maintained by counsel in the ordinary course of business; which records will continue to be maintained as Confidential Documents in conformity with this Order.

19. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to the Confidential Material produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED this ___22nd_ day of August 2022.  DATED this __22nd__ day of August 2022.
**ER INJURY ATTORNEYS**                  **BACKUS, CARRANZA & BURDEN**


 _/s/ Justin Randall_____       _/s/_ Jacquelyn Franco_____
JUSTIN RANDALL, ESQ.                     JACK P. BURDEN, ESQ.
Nevada Bar No. 12476                     Nevada Bar No. 6918
4795 South Durango Drive                 JACQUELYN FRANCO, ESQ.
Las Vegas, Nevada 89147                  Nevada Bar No. 13484
*Attorneys for Plaintiff*                3050 South Durango Drive
*Darlene Patricia Violet Barber*         Las Vegas, NV 89117
                                         *Attorneys for Defendant*
                                         *The Vons Companies, Inc*

**ORDER**

IT IS SO ORDERED as amended by the Court on page 6.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

6

Jack P. Burden, Esq.
Nevada State Bar No. 6918
Jacquelyn Franco, Esq.
Nevada Bar No. 13484
**BACKUS, CARRANZA & BURDEN**
3050 South Durango Drive
Las Vegas, NV 89117
(702) 872-5555
(702) 872-5545
jburden@backuslaw.com
jfranco@backuslaw.com
Attorneys for Defendant,
*The Vons Companies, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PATRICIA VIOLET BARBER, individually ) | 2:22-cv-00736- RFB-DJA |
| ) | |
| Plaintiff, ) | **STIPULATION AND ORDER FOR** |
| vs. ) | **CONFIDENTIALITY AND PROTECTION** |
| ) | **EXHIBIT "A"** |
| THE VONS COMPANIES, INC., ) | |
| individually; DOES I-X; and ROE ) | |
| CORPORATIONS I-X, inclusive, ) | |
| ) | |
| Defendants. ) | |

IT IS HEREBY AGREED that I, the undersigned, am bound by the terms of the subject Confidentiality and Protective Order entered in the above referenced matter.

DATED: _____     NAME: _____

TITLE: _____

7